**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| RYAN E. SMITH, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| KILOLO KIJAKAZI, | * | No. 3:21-cv-00105-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff, Ryan Smith, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case,

I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is relatively young - forty-five years old.  (Tr. 67.)  He testified he graduated from high school. (*Id.*)  Mr. Smith has past relevant work as a heavy equipment operator.  (Tr. 25.)

The ALJ[1] found Mr. Smith had not engaged in substantial gainful activity since October 17, 2018 - the alleged onset date.  (Tr. 18.)  He has "severe" impairments in the form of "mood disorder, anxiety disorder, history of substance abuse in remission, left knee arthroscopic surgery for ligament repair, degenerative disc disease, and obesity."  (*Id.*)  The ALJ further found Mr. Smith did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 19-20.)

The ALJ determined Mr. Smith had the residual functional capacity to perform a reduced range of light work given his physical and mental impairments.  (Tr. 20-21.)  Based on the residual functional capacity assessment, the ALJ determined that Plaintiff could no longer perform his past relevant work.  (Tr. 25.)   Therefore, the ALJ utilized the services of a vocational expert to determine if other jobs existed that Plaintiff could perform despite his impairments.  Based on the expert's testimony, the ALJ determined Plaintiff could perform the jobs of merchandise marker

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

and sub assembler.  (Tr. 26, 81-87.)  Accordingly, the ALJ determined Mr. Smith was not disabled.

(Tr. 26-27.)

      The Appeals Council received additional evidence and then denied Plaintiff's request for

a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr.

1-5.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

      In support of his Complaint, Plaintiff argues that the ALJ incorrectly assessed his

subjective symptoms.  (Doc. No. 11 at 2-7.)  The ALJ's assessment of Plaintiff's subjective

symptoms is closely tied to his residual functional capacity assessment with which Plaintiff also

generally disagrees.

      The ALJ analyzed Mr. Smith's symptoms in light of Social Security Ruling 16-3p.  (Tr.

21-25.)  That ruling fairly tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) - recited in

Plaintiff's brief - and states:

> The absence of an objective medical basis which supports the degree of severity of
> subjective complaints alleged is just one factor to be considered in evaluating the
> credibility of the testimony and complaints.   The adjudicator must give full
> consideration to all of the evidence presented relating to subjective complaints,
> including the claimant's prior work record, and observations by third parties and
> treating and examining physicians relating to such matters as:
>
> 1.  the claimant's daily activities;
>
> 2.  the duration, frequency and intensity of the pain;
>
> 3.  precipitating and aggravating factors;
>
> 4.  dosage, effectiveness and side effects of medication;
>
> 5.  functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints
> <u>solely</u> on the basis of personal observations.   Subjective complaints may be
> discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

In assessing Plaintiff's subjective allegations, the ALJ concluded:

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. The [medical source] statement reported that the claimant would be able to accept instruction and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and would be able to maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness.

(Tr. 24-25.)

After careful review of the entire record, I find the ALJ fairly evaluated Plaintiff's subjective complaints. As the ALJ noted in his opinion, he considered the medical evidence and Plaintiff's own statements. The ALJ's conclusion is supported by the objective medical evidence.

Plaintiff stated his primary issue was his mental health. (Tr. 66.) Anita Gail Wells, Ph.D., completed a Mental Diagnostic Evaluation and reported nothing that could be considered disabling. (Tr. 456-464.) I realize Plaintiff was hospitalized because of a mental breakdown. However, I note that, upon discharge, hospitalization was identified as a "compliance issue." (Tr. 421.) Plaintiff had been without medication for months prior to being admitted to the hospital. (*Id.*) And while I recognize there is evidence supporting Plaintiff's claims, (Tr. 1047, 1050), there is substantial evidence to support the ALJ's conclusions here.

I also find substantial evidence supporting the ALJ's decision regarding Plaintiff's physical impairments. During a post-operative follow-up visit, Plaintiff's knee surgeon stated, "Overall, he has done fine since surgery with no big issues. He felt like he was still pretty sore today. He

has otherwise been walking and moving the knee as tolerated." (Tr. 1039.)    A discharge physical exam revealed Mr. Smith "was ambulatory today without assistive devices and a mild left limp." (Tr. 1045.)  With regard to his back pain, the most recent neurosurgery report revealed nothing disabling.  (Tr. 1031-1032.)   The degree of Mr. Smith's alleged limitation is simply not supported by the overall record.  The ALJ accurately accounted for the limitations supported by the record and correctly concluded Plaintiff could perform a reduced range of light work activities. Accordingly, I find no basis to overturn the ALJ's subjective symptom evaluation or residual functional capacity assessment.

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task.  Mr. Smith clearly has limitations and some serious health issues.  However, being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

Plaintiff argues that the ALJ failed to resolve a conflict between the RFC determination, the Dictionary of Occupational Titles ("DOT"), and the vocational expert's testimony.  (Doc. No. 11 at 14-16.)  Specifically, Mr. Smith contends that the jobs identified by the vocational expert could require the use of foot controls.  However, I agree with the Commissioner that the DOT makes no mention of the operation of foot controls for either job.  (DOT 209.587-034/729.684-054.)  Accordingly, I find Plaintiff's argument to be without merit.

Lastly, I disagree with Plaintiff that the ALJ's hypothetical question posed to the vocational expert was flawed.  (Doc. No. 11 at 16-19.)  The ALJ's hypothetical question fairly captured those limitations as supported by the credible evidence of record.

I have carefully considered Plaintiff's other arguments and find them to be without merit. Plaintiff clearly experiences limitation with the combination of his impairments. And his counsel has done an admirable job advocating for his rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

DATED this 25th day of January 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE